IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICKY R. FRANKLIN | ) | Civil Action No: |
| | ) | |
| Plaintiff, | ) | 17- 1640 |
| | ) | **JURY DEMAND** |
| v. | ) | |
| | ) | |
| NAVIENT, INC., | ) | |
| and | ) | |
| | ) | |
| STUDENT ASSISTANCE, INC., | ) | |
| | ) | |
| Defendants | ) | |

## ORIGINAL COMPLAINT

NOW COMES the Plaintiff, RICKY R. FRANKLIN, by and through himself and for his Complaint against the Defendant, NAVIENT, INC., and STUDENT ASSISTANCE, INC., and Plaintiff states as follows:

## NATURE OF THIS ACTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their

illegal efforts to collect a consumer debt. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of Defendants, to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of Defendants, including but not limited to Navient, Inc., (hereinafter, NAV) and STUDENT ASSISTANCE, INC., (hereinafter, SAI) in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular telephone without his express consent within the meaning of the TCPA.

## JURISDICTION & VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. § 1692 and 28 U.S.C. § 1331. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. RICKY R. FRANKLIN, (hereinafter, "Plaintiff"), is a natural person who was at all relevant times residing in the county of Henry, state of Georgia.

5. Defendant, Navient, Inc., "NAV" is an Delaware Corporation, located at 2711 Centerville Rd, Suite 400, Wilmington Delaware, 19808.

6. Defendant, STUDENT ASSISTANCE, INC,. "SAI" is an Indiana Corporation located at 4501 N. Superior Drive, Muncie, Indiana, 47303.

7. At all relevant times, Defendants has conducted business in Georgia, solicited business in Georgia, engaged in a persistent course of conduct in Georgia, or has derived substantial revenue from services rendered in Georgia.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C §227

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

10. According to findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or

---

[2] 47 U.S.C. § 227 (b)(1)(A)(iii).

prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

11. The TCPA prohibits the use of automatic telephone dialing systems and the prerecorded messages to call wireless devices. § 227(b) prohibits… the use of automated telephone equipment; (1) Prohibitions…It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—"

12. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call." In Re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 FCC Rcd. 559 chapter 10 (Jan. 4, 2008) ("2008 TCPA Order"), the FCC stated that, "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor placed the call."

## ALLEGATIONS APPLICABE TO ALL COUNTS

13. On January 26, 2015, Plaintiff received a call on his cellphone from

---

[3]Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

4

Defendant NAV, stating that he owed an alleged debt. Plaintiff informed the representative, that he had never heard of the company, and further please stop any and all automated calls to Plaintiffs cellphone.

14. On February 18, 2015 Plaintiff sent a debt validation letter to the Defendant NAV, that the Defendant never responded to. The letter stated " **it is a written request under the Fair Debt Collection Practices Act, 15 U.S.C. and further that Plaintiff wished to be contacted only in writing**"

15. On March 18, 2015 Plaintiff again sent out a 2nd Debt Validation letter to the Defendant that outlined his intent to sue and pending the verification of the alleged debt. **The letter stated that "Plaintiff wished to be contacted only in writing".** The Defendant never responded to the Plaintiffs demands and continued to pursue the debt.

16. On March 24th, 2015 Plaintiff answered his cellphone, calling from 888-272-5543……. and heard an automated voice say **"please stay on the line"**. After waiting for a few seconds, a representative by the name of Michael came on the phone… Frustrated and angered by the untimely calls, **Plaintiff then informed Michael that he did not consent to receive automated calls to his cellphone, and further that he did not consent to receive automated text messages.** This call was recorded by the Plaintiff.

17. On January 26th 2017, Plaintiff answered his cellphone, calling from 888-272-5543……. and heard an automated voice say **"please stay on the line"**. After waiting for a few seconds, a representative by the name of Donna came on the phone… Frustrated and angered by the untimely calls, **Plaintiff then informed Donna that he did not consent to receive automated calls to his cellphone, and further that he did not consent to receive automated text messages.** This call was recorded by the Plaintiff.

18. On January 30, 2017, Plaintiff was contacted by the Defendants NAV, Plaintiff answered his cellphone, calling from 888-272-5543……. and heard an automated voice say **"please stay on the line"**. After waiting for a few seconds, a representative came on the phone… **Frustrated and angered by the untimely calls, Plaintiff informed the representative that he did not consent to receive automated calls to his cellphone, and further that he did not consent to receive automated text messages.**

19. On February 22, 2017 Plaintiff was contacted by the Defendants NAV, Plaintiff answered his cellphone, calling from 888-272-5543……. and heard an automated voice say **"please stay on the line"**. After waiting for a few seconds, a representative named Andi came on the phone… **Frustrated and angered by the untimely calls, Plaintiff informed the representative that he did not consent to**

**receive automated calls to his cellphone, and further that he did not consent to receive automated text messages.**

20. After revoking consent to be contacted on numerous occasions, Plaintiff received at least eighty-three (85) more unwarranted phone calls to his cell phone.

21. On March 1st, 2017 0845hrs, Plaintiff was contacted by the Defendants SAI, Plaintiff answered his cellphone, calling from 765-637-0782……. and heard an automated voice say **"please stay on the line"**. After waiting for a few seconds, the Plaintiff was hung up on.

22. On March 1st, 2017 at 1143hrs, Plaintiff was contacted by the Defendants SAI, Plaintiff answered his cellphone, calling from 765-637-0782……. and heard an automated voice say **"please stay on the line"**. After waiting for a few seconds, a representative came on the phone… Plaintiff talked to a representative that stated "Student Assistance Corporation was calling on behalf of Defendant Navient". Frustrated and angered by the untimely calls, Plaintiff informed the representative that he did not consent to receive automated calls to his cellphone.

23. Plaintiff continued to receive a plethora of more calls after informing the Defendant to stop calling his cellphone. After revoking consent to be contacted on numerous occasions, Plaintiff received at least eighty-three (85) more calls from Defendant SAI, calling on behalf of Defendant NAV.

24. The calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

25. Defendants SAI (on behalf of NAV) calls utilized interactive voice recognition technology, also known as a predictive dialer, in which a machine places calls then connecs to a live representative of Defendants.

26. Whatever consent the Defendant may have had was revoked by Plaintiff and not permitted for the purpose of debt collection or any other purpose.

27. Plaintiff suffered actual damages in the form of embarrassment, humiliation and anger as a result of Defendants calls. He was needlessly bothered and was forced to utilize minutes from his cell phone which could have been used for other purposes.

28. Plaintiff suffered a concrete and real invasion of Plaintiff's legally protected privacy rights through Defendant's violation of the TCPA. The continuous unwarranted phone calls caused the Plaintiff harassment, as well as additional data rate charges to his cellular telephone plan.

29. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time he received a phone call from the Defendant.

30. Accordingly, an entity can be liable under the TCPA for a call made on its behalf even if the entity did not directly place the call. Under those circumstances,

the entity is properly deemed to have initiated the call through the person or entity that actually placed the call.

31. Defendant SAI is vicariously liable for calling on behalf of Defendant NAV.

32. Plaintiff never consented to, requested, or otherwise desired or permitted, calls from SAI, on behalf of (NAV) for the purpose of debt collection or any other purpose.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Defendants conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted Plaintiff for purposes other than to confirm or correct location information.

35. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted Plaintiff in regards to the Debtor's debt on numerous occasions, without being asked to do so.

36. The Defendants' conduct violated 15 U.S.C. § 1692d *et. seq.* in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

9

37. The Defendants' conduct violated 15 U.S.C. § 1692e *et. seq.* in that Defendants used false and misleading representations in communications.

38. The Defendants' conduct violated 15 U.S.C. § 1692f *et. seq.* in that Defendants used unfair and unconscionable means to collect a debt.

39. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

## COUNT II
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227, et seq

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Plaintiff did not provide his consent to be contacted on his cellular telephone and in fact instructed Defendants to stop all calls to him and cease calling his cellular telephone.

42. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227et seq.

43. As a result of both Defendants NAV and Defendant SAI negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT III
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227, et seq

41. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Plaintiff did not provide his consent to be contacted on his cellular telephone and in fact instructed Defendants to stop all calls to him and cease calling his cellular telephone.

43. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227et seq.

44. As a result of both Defendants calls made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

a) Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692 et seq against Defendants;

11

b) Costs of litigation and reasonable fees pursuant to 15 U.S.C. § 1692 et seq against Defendants;

c) As a result of Defendants, Navient Inc., (NAV) and Student Assistance Corporation, (SAI) negligent violations of the TCPA, 47 U.S.C. § 227et seq., Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(1);

d) As a result of Defendants, Navient Inc., (NAV) and Student Assistance Corporation, (SAI) willful and/or knowing violations of the TCPA, 47 U.S.C. § 227et seq., Plaintiff seeks statutory damages of $1500.00 for each and every call that violated the TCPA;

e) Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent behavior pursuant the TCPA;

f) A trial by jury on all issues so triable;

g) Such other and further relief as may be just and proper.

Respectfully submitted,

Ricky R. Franklin

708 Brambling Way
Stockbridge, GA 30281
rrfrank12@hotmail.com
678.650.3733



FROM:
Ricky Franklin
708 Brambling Way
Woodbridge, GA
30281

TO: Clerk of Court
844 North King St
# 18
Wilmington, DE
19801-3570

PRIORITY MAIL
UNITED STATES POSTAL SERVICE
VISIT US AT USPS.COM
ORDER FREE SUPPLIES ONLINE

PRIORITY MAIL 2-DAY®
EXPECTED DELIVERY 11/09/2017
9000
SHIP TO:
844 N KING ST UNIT 18
WILMINGTON DE 19801-3519

USPS TRACKING NUMBER
9505 5000 1564 7311 0002 22

U.S. POSTAGE
$6.65
PM 2-DAY
11/07/17