IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|                           |     |                              |
|---------------------------|-----|------------------------------|
| RICKY R. FRANKLIN         | )   | Civil Action No: 17-1640-RGA |
|                           | )   |                              |
|     Plaintiff,            | )   |                              |
|                           | )   |                              |
| v.                        | )   |                              |
|                           | )   |                              |
| NAVIENT, INC.,            | )   |                              |
|  and                      | )   |                              |
|                           | )   |                              |
| STUDENT ASSISTANCE, INC., | )   |                              |
|                           | )   |                              |
|     Defendants            | )   |                              |

**PLAINTIFFS RENEWED MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT**

## I.  NATURE AND STAGE OF PROCEEDINGS

On September 5, 2019 the court granted in part and denied in part the

Defendants motion for summary judgement on calls after November 2, 2015. (D.I.

40, 41)

On September 25 2019, Plaintiff filed a motion to alter or amend the Court's

summary judgment order (D.I. 43-44)

On January 28 2020, Defendants filed a motion to stay and on April 1 2020, the

Court granted the Defendants motion to stay (D.I. 64) pending a decision by the

U.S. Supreme Court in *Barr vs American Ass'n of Political Consultants*, Inc., No.

19-63.  Also in that order, the Court dismissed Plaintiff's motion to alter or amend

(D.I. 43-44) however stated that Plaintiff could file a renewed motion once the stay

is lifted.

On July 6, 2020, the Supreme Court made a decision in Barr, and the same day,

Plaintiff filed a motion to lift stay based on the high Court's decision.

On October 27th, 2020 the Court lifted the stay (D.I. 66), and Plaintiff now files

his renewed motion to alter or amend (D.I. 41) in light of the U.S. Supreme Court's

decision.

## II. INTRODUCTION

This is a case involving violations of the Telephone Consumer Protection Act,

(TCPA) 47 U.S.C. § 227 et seq, which prohibits the use of artificial pre-recorded

voice messages to a cellphone or pager in violation of 47 U.S.C. 227(b)(1)(A)(iii).

Both Defendants contacted the Plaintiff at least 85 times in violation of the statute.

Plaintiff files his renewed motion and respectfully requests that this Court

reconsider its decision of September 5th, 2019, (D.I.40, 41)  The U.S. Supreme

Court affirmed the Fourth Circuits decision in *Barr v. American Ass'n of Political*

*Consultants, Inc.,* 140 S.Ct. 812, No. 19-63 and ruled that the Federal Debt

Exemption is unconstitutional and struck down the exemption for Federal debt

collection calls.  The Court held that the TCPA's exemption for automated phone

calls to cell phones related to the collection of debts owed to or guaranteed by the

2

United States violated the First Amendment because it caused the statute to unconstitutionally discriminate against other forms of speech, which did not enjoy the same exemption.

For its part the Defendants claim that this ruling is not retroactive, citing a minor footnote that is not authoritative in this case.  The footnote that the Defendants cites, relates to the reply brief by the government.  Citing..(It is doubtful that a person who made automated calls to collect government-backed debts before the exception was held invalid could be said to have violated the TCPA. But because no question of retroactive liability is presented here, those issues may be reserved for a future case) See...*Reply Brief of petitioners William P. Barr*, Attorney General at 24(April 2020)  In short, the government concedes that retroactive liability was not presented before the Supreme Court in this case.

It has been well established in civil cases that the day the US Supreme Court makes its decision, all open cases that are not yet final shall have a retroactive effect. *Griffin vs Kentucky* 479 U. S. 314, 328 (1987) (where the rule is: "When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule)

In addition to the Supreme Court's ruling the Defendants state that the FCCs 2016 binding order was not approved is a misrepresentation of the facts.  The Court and the Defendants incorrectly cited the FCC's  order as an  "proposed order"  (D.I. 40¶ 10-11) Plaintiff submitted evidence in his opposition to the summary judgment motion that showed the FCC's Report and Order (16-99) was a final order and nothing in the order stated that it was proposed **(emphasis added)** (D.I. 37, #5 Exhibit D, FCC Order 16-99).  As explained in *Cooper vs Navient*, (FCC final orders are binding on this Court if they directly speak to a particular issue. See *Mais v. Gulf Coast Collection Bureau, Inc*., 768 F.3d 1110, 1119 (11th Cir. 2014) (holding that, under the Hobbs Act, the federal courts of appeals are the exclusive venue for challenging FCC orders. Accordingly, Defendant's motion must be denied). *Cooper v. Navient Sols.,* LLC, CASE NO: 8:16-CV-3396-T-30MAP, 3-4 (M.D. Fla. Apr. 21, 2017)

Finally, the Defendants statement that this order was never posted in the Federal Registry is reckless disregard for the truth as the order was published in the Federal Registry on November 16, 2016.  (See Exhibit A, Federal Registry posting).The latest OMB website that the Defendants used, shows the Order was approved without change. Office of Mgmt & Budget, Information Collection Review, https://www.reginfo.gov/public/do/PRAViewICR?ref_nbr =201806-3060-008#

# View ICR - OIRA Conclusion

| OMB Control No: 3060-0519 | ICR Reference No: 201806-3060-008 |
|---|---|
| Status: Active | Previous ICR Reference No: 201701-3060-011 |
| Agency/Subagency: FCC | Agency Tracking No: CGB |
| Title: Rules and Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991, CG Docket No. 02-278 | |
| Type of Information Collection: Extension without change of a currently approved collection | Common Form ICR:  No |
| Type of Review Request: Regular | |
| OIRA Conclusion Action: **Approved without change** | Conclusion Date: 09/19/2018 |
| Retrieve Notice of Action (NOA) | Date Received in OIRA: 07/02/2018 |
| Terms of Clearance: | |

| | Inventory as of this Action | Requested | Previously Approved |
|---|---|---|---|
| Expiration Date | 09/30/2021 | 36 Months From Approved | 09/30/2018 |
| Responses | 140,186,983 | 140,186,983 | 147,368,997 |
| Time Burden (Hours) | 606,838 | 606,838 | 666,138 |
| Cost Burden (Dollars) | 1,650,600 | 1,650,600 | 2,745,000 |

As explained in more detail below, both Defendants are liable for all calls made after November 2015 and the Court should reconsider its partial summary judgment motion. (D.I. 40, 41)

## III. SUMMARY OF THE ARGUMENT

1.      An intervening change in controlling law has occurred in *Barr v. American Ass'n of Political Consultants, Inc.,* 140 S.Ct. 812, No. 19-63.  The U.S. Supreme

Court struck down the federal debt exception and affirmed the 4th Circuit's decision as being unconstitutional.

2.  The Court commits a manifest error of law by not adhering to the rules set forth by the FCC under the Hobb's Act.    The FCC's 2016 binding order was published in the Federal Registry on November 16, 2016 and is binding on all federal courts.

3.    The Debts were not owed to or guaranteed by the government.

4.    The Defendants are not entitled to summary judgment, because Plaintiff showed that a violation of the TCPA occurred

## IV. ARGUMENT

### A.  Legal Standard

 Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") permits parties to file, within twenty-eight days of entry of a judgment, a motion to alter or amend the judgment.  Fed. R. Civ. P. 59(e) The purpose of  Rule 59(e) is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion ... must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)

**B.  The U.S. Supreme Court Affirmed The Fourth Circuits Decision In**
***Barr v. American Ass'n of Political Consultants, Inc.,* 140 S.Ct. 812, No. 19-63**

Seven Members of the U. S. Supreme Court conclude that the entire 1991 robocall restriction should not be invalidated, but rather that the 2015 government-debt exception must be invalidated and severed from the remain-der of the statute. As a result, plaintiffs still may not make political robocalls to cell phones, but their speech is now treated equally with debt-collection speech. The judgment of the U. S. Court of Appeals for the **Fourth Circuit is affirmed**.

Based on the U.S. Supreme Court ruling this Court should reconsider its ruling on calls to Plaintiffs cellphone after November 2015 as unconstitutional and not exempt from the TCPA liability.

**C.  The Court Incorrectly Ruled That The FCC Order Did Not Go Into Effect And The Defendant Badly Misrepresent The Facts**

Section 301(a)(2) of the Budget Act, which enacts a new statutory provision at 47 U.S.C. 227(b)(2)(H), authorizes the Commission to ''restrict or limit'' the number and duration of calls made to a cellular telephone number to collect a debt owed to or guaranteed by the United States.' On November 16, 2016, the FCC Report and Order (16-99) Bi-partisan Act § 301 as amended became a final rule and was posted in the Federal Register as *47 CFR Part 64* [CG Docket No. 02–278; FCC 16–99] (Federal Register/ Vol. 81, p 80594) (**Attached as Exhibit A**) By posting in the Federal Register, this order became binding on District Courts

pursuant to the Hobb's Act.  These regulatory rules promulgated by the FCC are binding on this Court. See *Mais v. Gulf Coast Collection Bureau, Inc.,* 768 F.3d 1110, 1119 (11th Cir. 2014) (holding that, pursuant to the Hobbs Act, the U.S. Courts of Appeal are the exclusive venue for challenging FCC regulations).

   As part of this final rule, the FCC allows participants to object or file a motion for consideration of its final rules.  In this case, Defendant NAV filed a motion for reconsideration one month after the rule became final on December 16, 2016.  The motion for reconsideration filed by the Defendant was ultimately denied by the FCC.   Citing..."[(Petition for reconsideration of Great Lakes Higher Education Corp; Navient Corp; Nelnet Inc; Pennsylvania Higher Education Assistance Agency; and the Student loan servicing alliance), CG Docket No. 02-278, December 16, 2016)]

## D.  The Debts in Question Are Not Owed To Or Guaranteed By The Government.

   USA Funds in a private company that guarantees Plaintiffs loan (See Exhibit B), while Plaintiffs loan may be insured by the government at no time were the loans owed to or guaranteed by the government.  The FCC clarified that only "debts owed to or guaranteed by the United States are included in the Budget Act amendments[,]" to the exclusion of "debts insured by the United States[.]" *In re*

*Rules and Regulations Implementing the TCPA of 1991,* 31 F.C.C. Rcd. 9074, ¶ 19
n. 54 (2016).

    Defendants NAV and SAC must prove that it acted as an agent of the federal
government in calling the references on student loans owed to or guaranteed by the
United States. See *Rules and Regulations Implementing the Tel.* Cons.. Prot. Act of
1991, *Petitions for Declaratory Ruling by Broadnet Teleservices LLC*, et al., CG
Docket No. 02-278, Declaratory Ruling, FCC 16-72, (July 5, 2016) ¶ 16  Neither
Defendant has not offered any legal analysis as to whether it is an agent of the
United States or any of its agencies under the federal common law of agency, and
it has not attached any contract between itself and the Department of Education
which may expressly disavow any agency relationship. Moreover, it has made no
distinction between direct loans to the Education Department ("ED"), where a
contractual relationship may exist with the United States, and FFELP guaranteed
loans in which NAV or SAC performs servicing for guaranty agencies or their
lenders, and not for the United States ED.  The Defendant SAC was calling for a
private loan guarantor named USA funds and not the Department of Education as
evidence by part of the recorded call on March 27, 2017: (See Exhibit C, Mailed in
Audio)

## V.  CONCLUSION

WHEREFORE, for all the reasons set forth above, Plaintiff respectfully requests that the Court alter the judgment and reconsider its opinion of September 5, 2019, (D.I.40, 41) and declare that all calls after November 2015 are subject to the TCPA.

November 5th 2020                                    Respectfully submitted,

                                                     /s/Ricky R. Franklin

                                                     Ricky R. Franklin
                                                     708 Brambling Way
                                                     Stockbridge, GA 30281
                                                     rrfrank12@hotmail.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 5th 2020 I electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the Defendant's Counsel listed below:

**STRADLEY RONON STEVENS & YOUNG, LLP**

**JOELLE E. POLESKY**

**NAVIENT SOLUTIONS, LLC**

**STUDENT ASSISTANCE CORPORATION**

**1000 N. West Street, Suite 1200**

**Wilmington, DE 19801**

**COUNSEL FOR DEFENDANT NAVIENT SOLUTIONS**

Plaintiff, Pro-Se

<u>/s/Ricky R. Franklin</u>

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281