## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RICKY R. FRANKLIN,

        Plaintiff,

     v.

NAVIENT, INC., and
STUDENT ASSISTANCE, INC.,

        Defendants.

Case No. 1:17-cv-01640-SB

## MOTION TO ALTER OR AMEND
## APRIL 19, 2021 OPINION AND ORDER

Pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7.1.5, Defendants, Navient Solutions, LLC (misidentified as "Navient, Inc.") ("NSL") and Student Assistance Corporation (misidentified as "Student Assistance, Inc.") ("SAC") (collectively, "Defendants"), move to alter or amend the Court's April 19, 2021 Opinion and Order ("Opinion and Order") (D.I.s 95 and 96). As explained below, the Court did not address Defendants' additional summary judgment argument that it did not place calls to Plaintiff Ricky Franklin's ("Mr. Franklin") cellular telephone number using an automatic telephone dialing system ("ATDS") as defined by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"). Mr. Franklin has also conceded that he is no longer pursuing any claim for calls allegedly placed using an ATDS.

4984443v.1

I.    **STATEMENT OF FACTS**

This is an action by Mr. Franklin against NSL and SAC for the alleged violation of the TCPA.  Defendants moved for summary judgment on November 5, 2018, arguing (among other things) that they were entitled to summary judgment on Mr. Franklin's claim that they violated the TCPA by calling his cellular telephone using an ATDS because Mr. "Franklin cannot show that any of the alleged calls to his [cellular telephone number] were made using an ATDS."  (D.I. 32-1 at 13.) Defendants explained that the dialing systems used to call Mr. Franklin's cellular telephone did not meet the definition of an ATDS because those systems do not have the capacity to generate random or sequential telephone numbers and dial those numbers.  (*Id.* at 14.)

In its September 5, 2019 Opinion granting Defendants summary judgment, the Court did not need to address Defendants' ATDS argument because it granted Defendants' motion on other grounds – namely, that all calls made after November 2, 2015 were exempt from the TCPA based on the government-debt exception.  (D.I. 40 at 7.)  The Court found that "Plaintiff's debts were all guaranteed by the United States" and that "[t]here was no other plausible purpose for the challenged calls but to collect those U.S.-guaranteed debts."  (*Id.*)  The Court also granted Defendants summary judgment as to Mr. Franklin's Fair Debt Collection Practices Act

("FDCPA") claim.  (*Id.* at 16.)[1]

On September 25, 2019, Mr. Franklin filed his first motion to alter or amend the Court's summary judgment order, which Defendants opposed.  (D.I.s 43-44, 47, and 48.)  In support of his motion, Mr. Franklin argued, among other things, that the Court's summary judgment decision was contrary to decisions from the Fourth and Ninth Circuit Courts of Appeals, which held that the government-debt exception was unconstitutional.  (D.I. 44 at 7-9.)

Defendants opposed Mr. Franklin's first motion to alter or amend, and also filed a motion to stay pending the Supreme Court's resolution of *Barr v. American Ass'n of Political Consultants, Inc.*, 140 S.Ct. 812 (2020) ("*AAPC*") (D.I. 59).  In *AAPC*, the Supreme Court was set to decide whether the TCPA's automated call ban was rendered unconstitutional by the addition of the government-debt collection exception.  On April 1, 2020, the Court granted the motion to stay and denied Mr. Franklin's motion to alter or amend the summary judgment order without prejudice. (D.I. 64.)

On July 6, 2020, the Supreme Court decided *AAPC*.  The Court held that the addition of the government-debt exception rendered the TCPA's automated call ban unconstitutional because the exception amounted to a content-based preference for

---

[1]   Mr. Franklin did not move to alter or amend the Court's summary judgment order with respect to his now-dismissed FDCPA claim, so only Mr. Franklin's TCPA claim remains in the case.

speech in violation of the First Amendment.  *AAPC*, 140 S. Ct. at 2347.  The Court found that the proper remedy was to sever the government-debt exception from the statute.  *Id.* at 2349.

On the very day the Supreme Court decided *AAPC*, Mr. Franklin filed a motion to lift the stay.  (D.I. 66.)  The Court granted the motion and lifted the stay on October 27, 2020.  (D.I. 69.)  With the stay lifted, on November 5, 2020, Mr. Franklin filed his renewed motion to alter or amend the Court's summary judgment order.  (D.I.s 71-72.)  Mr. Franklin argued, among other things, that the Court should apply the *AAPC* ruling retroactively and amend its summary judgment order to the extent it found calls made by Defendants after November 2, 2015 were exempt from the TCPA.  (D.I.s 71-72.)

On November 19, 2020, Defendants filed a motion requesting that the Court stay this action pending the decision from the United States Supreme Court in *Facebook, Inc. v. Noah Duguid*, No. 19-511 ("*Duguid*") regarding the correct interpretation of an ATDS.  (D.I. 73.)  Defendants also filed a consolidated brief in support of their second motion to stay, or in the alternative, in opposition to Mr. Franklin's motion to alter or amend the Court's summary judgment order.  (D.I. 74).  In their brief, Defendants reiterated their argument that they were entitled to summary judgment because they did not use an ATDS as defined by the TCPA to place any telephone calls to Mr. Franklin's cellular telephone.  (D.I. 74 at 6.)

Defendants argued that the "undisputed facts show that the telephony system which Defendants used to place the calls at issue lacks the capacity to generate random or sequential numbers and then dial" and "Defendants were entitled to summary judgment on this ground alone." (*Id.*)

On December 21, 2020, the Court ordered the Clerk of Court to locate amicus counsel to file a brief in support of Mr. Franklin's argument regarding the applicability of the TCPA's government-debt exception and whether the Supreme Court's decision in *AAPC* should be applied retroactively. (D.I. 78.) On January 4, 2021, the Court entered an order confirming the appointment of amicus counsel in support of Mr. Franklin (D.I. 79.)

Following briefing, the Court held oral argument on March 5, 2021, on Mr. Franklin's renewed motion to alter or amend the Court's summary judgment order, and Defendants' cross-motion to stay pending *Duguid*. During argument, Mr. Franklin *conceded* that he was limiting his TCPA claim against Defendants only to calls made using an artificial or prerecorded voice, and not to any calls made using an ATDS. (*See* Transcript of March 5, 2021 Oral Argument attached as Exhibit A, at 14:1-15:21). Specifically, in response to a question asking if he was "limiting [his] claims here to the calls that involved an automated voice," Mr. Franklin stated: "The answer to that is yes." (*Id.* at 14:1-5.) Based on this concession, the Court found it unnecessary to consider Defendants' request for a stay pending the *Duguid*

decision, because *Duguid* concerned only the definition of an ATDS and did not concern artificial or prerecorded voice calls.  (*Id.* at 25:11-20).

Therefore, the only claim that now remains in the case is based on any calls Defendants placed to Mr. Franklin's cellular telephone using an artificial or prerecorded voice.  The call logs submitted by Defendants in support of their motion for summary judgment demonstrate that the actual number of automated or prerecorded voice calls made to Mr. Franklin is five. (*See* call logs submitted by Defendants in support of their motion for summary judgment, attached as Exhibit B.)  Nonetheless, in the "Personal Phone Call Log" Mr. Franklin submitted as Exhibit F to his Brief in Opposition to Defendants' Motion for Summary Judgment, he identified 16 calls he claims were made with an artificial or prerecorded voice. (*See* Personal Phone Call Log attached as Exhibit C).  In his Declaration submitted in support of his opposition to Defendants' motion for summary judgment, Mr. Franklin described this document as a "precise personal call log" he maintained from 2014 to 2017 to document calls from Defendants to his cellular telephone number. (D.I. 38 at ¶ 12.)  The Personal Phone Call Log contains 16 calls which Mr. Franklin describes as either having an "automated voice state[] 'please stay on the line'" or resulting in an "automated message" being left on his voicemail.  (Exhibit C.)  While Mr. Franklin's count of automated or prerecorded voice calls is inaccurately high

(because the real number is five), he is now bound by his own number and cannot claim more than 16 such calls.

In its Order and Opinion dated April 19, 2021, the Court granted Mr. Franklin's renewed motion, amended the Court's prior summary judgment order, and allowed Plaintiff's TCPA claims to proceed with respect to calls made after November 2, 2015 on April 19, 2021 (D.I. 96).  Defendants now submit this Motion to Alter or Amend the Court's Opinion and Order.

## II.   **LEGAL ARGUMENT**

"Motions for reconsideration [filed pursuant to Local Rule 7.1.5] are the 'functional equivalent' of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e)." *Samuel v. Carroll*, 505 F.Supp.2d 256, 261 (D. Del. 2007). "[A] court may only alter or amend its judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* "Reconsideration . . . may be appropriate where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Id.*

**A.    The Court Should Amend or Correct its Opinion and Order to Clarify that the Only Remaining Claim is for Violation of the TCPA Based on a Maximum of 16 Artificial or Prerecorded Voice Calls.**

The Court should amend its Opinion and Order to grant Defendants summary judgment on any calls allegedly made using an ATDS, and to clarify that Mr. Franklin's only remaining TCPA claim is for, at most, 16 alleged calls Defendants made to his cellular telephone using an artificial or prerecorded voice.

The Court's Opinion and Order did not address Defendants' additional summary judgment argument that it did not place calls to Mr. Franklin's cellular telephone number using an ATDS as defined by the TCPA.  Yet, it is undisputed that Defendants' dialing systems used to place calls to Mr. Franklin's cellular telephone lack the capacity either to store a telephone number using a random or sequential number generator, or to produce a telephone number using a random or sequential number generator.  (D.I. 32-1 at 13-14.)  These systems therefore do not meet the definition of an ATDS as clarified in *Duguid*.  Moreover, during oral argument on March 5, 2021, Mr. Franklin conceded that he was limiting his TCPA claim against Defendants to only calls made using an artificial or prerecorded voice.

Mr. Franklin's concession that he is seeking recovery only for artificial or prerecorded voice calls significantly narrows the number of telephone calls at issue. As noted above, the "Personal Phone Call Log" Mr. Franklin submitted as Exhibit F to his Brief in Opposition to Defendants' Motion for Summary Judgment listed only

16 calls that Mr. Franklin claims were made with an artificial or prerecorded voice. (*See* Personal Phone Call Log attached as Exhibit C).  To be sure, Defendants deny they called Mr. Franklin 16 times using an artificial or prerecorded voice (there are only five such calls), and Defendants also contend they had consent for such calls. Nevertheless, these 16 artificial or prerecorded voice calls are all Mr. Franklin identified in his own call log in response to Defendants' summary judgment motion. Therefore, Mr. Franklin is now bound by that number as his maximum potential recovery for the telephone calls at issue, and the Court should limit Mr. Franklin to a potential recovery for only these 16 calls.

In sum, in moving for summary judgment, Defendants argued that they are not liable for any calls allegedly made to Mr. Franklin's cellular telephone using an ATDS, but that aspect of their motion still has not been decided.  The Court did not address Defendants' argument in its Opinion and Order.  Particularly in light of Mr. Franklin's own admission that he is not seeking recovery for any allegedly ATDS calls, the Court should now amend its Opinion and Order to clarify that Mr. Franklin's only remaining TCPA claim is based on calls Defendants made to his cellular telephone number using an artificial or prerecorded voice. The Court should further amend its Opinion and Order to find that there is only a maximum of 16 such potentially recoverable calls.

III. **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that the Court amend its Opinion and Order (D.I.s 95 and 96) to grant Defendants summary judgment for any calls allegedly made using an ATDS, and to include the finding, conclusion, and order that Mr. Franklin's only remaining TCPA claim is for a maximum of 16 calls Defendants allegedly made to his cellular telephone using an artificial or prerecorded voice.

STRADLEY RONON
STEVENS & YOUNG, LLP

*/s/ Joelle E. Polesky*
Joelle E. Polesky (ID No. 3694)
1000 North West Street, Suite 1279
Wilmington, Delaware 19801
Telephone: (302) 295-4856
Facsimile: (302) 295-4801
Email: jpolesky@gmail.com

*Attorneys for Defendants*

OF COUNSEL:
Eric M. Hurwitz (admitted *pro hac vice*)
Christopher A. Reese (admitted p*ro hac vice*)
STRADLEY RONON STEVENS & YOUNG, LLP
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002
Email: ehurwitz@stradley.com
Email: creese@stradley.com

Dated: April 29, 2021

4984443v.1