IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

R‌ICKY R. F‌RANKLIN,

    *Plaintiff,*

    v.

N‌AVIENT, I‌NC.; S‌TUDENT A‌SSISTANCE,
I‌NC.,

    *Defendants.*

No. 1:17-cv-1640-SB

---

Ricky R. Franklin, Stockbridge, Georgia.

*Plaintiff.*

Joelle Eileen Polesky, S‌TRADLEY R‌ONON S‌TEVENS & Y‌OUNG, LLP, Wilmington, Delaware.

*Counsel for Defendants.*

---

**M‌EMORANDUM O‌PINION**

May 25, 2021

BIBAS, *Circuit Judge*, sitting by designation.

After Navient repeatedly called Ricky Franklin to collect student debt, he sued the company under the Telephone Consumer Privacy Act. In 2019, the Court (Andrews, J.) granted partial summary judgment for Navient. D.I. 41. It ruled that some of Navient's calls did not violate the Act because the Act had an exception for calls to collect government debt. Last month, I granted Franklin's motion to amend that judgment, ruling that under a recent Supreme Court decision, the government-debt exception was void. D.I. 95.

Navient now moves to amend last month's order. It reasons that a company can violate the Act in either of two ways: by using an autodialer or by calling with an automated voice. It claims that at oral argument, Franklin conceded that his claims were based only on Navient's use of an automated voice. Yet only some of the calls used an automated voice. So Navient wants me to rule that its other calls did not violate the Act. D.I. 97, at 8–9.

Because Navient has never before asked me to reconsider the summary-judgment order, it should have asked me to reconsider *that* order, not the one from last month. But I will consider its motion in substance. I do not agree that Franklin has limited his claims to the calls that used an automated voice. So I will deny the motion.

Navient's position is understandable. At argument, when I asked Franklin whether he was "limiting [his] claims here to the calls that involved an automated voice," he said "yes." D.I. 93, at 14:1–5. Yet he then immediately retracted his answer: "[B]ut it's not just only [that] they left the automated voice." *Id.* at 14:5–6. And

2

moments later, when I asked him whether he had "excluded any portion of [the calls],"
he said: "I have not." *Id.* at 14:22–15:1. In all, it is unclear whether Franklin meant to limit his claims. Because he is pro se, I will give him the benefit of the doubt and hold that he did not. *See Liggon-Redding v. Est. of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011).

But since Navient understandably thought that Franklin had limited his claims, it deserves another chance to move for reconsideration. It may file another motion to reconsider and argue why the autodialer theory fails. If it files one, it should also explain why I may consider its arguments in a motion to reconsider. In particular, if it relies on the Supreme Court's recent decision in *Facebook v. Duguid*, it must explain why it could not have invoked *Duguid*'s rule originally. *See* 141 S. Ct. 1163, 1168–69 & n.4 (2021) (showing that the Third Circuit had reached the same conclusion in 2018).

I will deny Navient's motion to reconsider.