IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICKY R. FRANKLIN,

        Plaintiff,

    v.

NAVIENT, INC., and
STUDENT ASSISTANCE, INC.,

        Defendants.

Case No. 1:17-cv-01640-SB

**RENEWED MOTION TO ALTER OR AMEND APRIL 19, 2021 OPINION AND ORDER**

      Defendants, Navient Solutions, LLC (misidentified as "Navient, Inc.") ("NSL") and Student Assistance Corporation (misidentified as "Student Assistance, Inc.") ("SAC") (collectively, "Defendants"), renew their motion to alter or amend the Court's April 19, 2021 Opinion and Order ("Opinion and Order") (D.I.s 95 and 96).

      As explained below, the Court has never ruled on Defendants' summary judgment argument that they did not place calls to Plaintiff Ricky Franklin's ("Franklin") cellular telephone number ending in 3733 (the "3733 Number") using an automatic telephone dialing system ("ATDS") as defined by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"). The undisputed evidence presented on summary judgment shows that Defendants did not call Franklin's 3733 Number using a random or sequential number generator, the defining characteristic of an ATDS. *Dominguez v. Yahoo, Inc.,* 894 F.3d 116 (3d Cir.2018). Franklin rather provided his 3733 Number to Defendants – the opposite of a randomly or sequentially generated number. Because Defendants did not use an ATDS, Franklin could only potentially recover for calls placed using an artificial or prerecorded voice, but his own evidence shows that there are at

most 16 such calls. The Court should therefore grant Defendants summary judgment for all but these 16 potentially recoverable calls.[1]

I.  **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

    A.  **Defendants' Summary Judgment Motion Raised an ATDS Defense.**

Defendants' summary judgment motion raised several arguments, including that "Franklin cannot produce admissible evidence showing that NSL and SAC called him using an ATDS." (D.I. 32-1 at 13.) Defendants cited the TCPA's language requiring random or sequential number generation for a system to qualify as an ATDS and explained that Franklin has no evidence that Defendants' systems have that capacity. (*Id.* at 13-14.) Defendants also cited *Dominguez*, noting that the "hallmark requirement of an ATDS is that it has the 'present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers.'" (*Id.* at 14.) Defendants demonstrated that Franklin provided them with the 3733 Number himself – it was not randomly or sequentially generated. Franklin submitted deferment requests in which he expressly included the 3733 Number and agreed that Defendants may dial it. (*Id.* at 2-3.) Defendants also explained that the systems used to call Franklin's 3733 Number – LiveVox HCI and the Interactive Intelligence ("ININ") system in Preview Mode – do not qualify as an ATDS because they are forms of *manual* (not automatic) dialing. (*Id.* at 14-16.)

Defendants reiterated these points in their reply brief, arguing that Franklin's opposition "fails to create a disputed issue of fact as to whether the calls to his 3733 Number were made using an [ATDS] as defined by the TCPA." (D.I. 38 at 5.) Defendants cited *Dominguez* and argued that

---

[1] Defendants contend that they had valid consent for all the calls at issue, and deny that they called Franklin even 16 times using an artificial or prerecorded voice (Defendants' business records show only 5 such calls). These defenses, however, are beyond the scope of this current motion.

Franklin had no evidence that either the ININ or LiveVox systems could "store or produce telephone numbers to be called, using a random or sequential number generator." (*Id.* at 6.)

The Court granted Defendants summary judgment on September 5, 2019 (D.I. 40). In doing so, however, the Court declined to address Defendants' ATDS arguments because it granted the motion on other grounds – that all calls made after November 2, 2015 were exempt from the TCPA based on the government-debt exception. (*Id.* at 7.) The Court also granted Defendants summary judgment as to Franklin's FDCPA claim. (*Id.* at 16.)

### B. Franklin's First Motion to Alter or Amend and Defendants' Motion to Stay Pending the Supreme Court's Decision in *AAPC*.

Franklin then filed his first motion to alter or amend the Court's summary judgment order, primarily arguing that the order was contrary to decisions finding the TCPA's government-debt exception unconstitutional. (D.I. 44 at 7-9.) Defendants opposed Franklin's motion, arguing that "[e]ven if the Court were to reconsider the Budget Act exemption for NSL's and SAC's calls to Franklin after November 2, 2005, Defendants are still entitled to summary judgment because the undisputed evidence demonstrates that none of the calls were made with an ATDS as defined by the TCPA." (D.I. 47 at 8.) Defendants reiterated that under *Dominguez*, a dialing system must have the present capacity to generate random or sequential numbers and Defendants' systems lack that capacity. (*Id.*) Defendants explained that "since Franklin was a customer of NSL and SAC, his number was not randomly or sequentially generated—he was called on a number he specifically provided to Defendants." (*Id.* at 12.) Defendants also argued that "calls are not made with an ATDS when human intervention is required," and that both LiveVox HCI and ININ in Preview Mode require human intervention to place a call. (*Id.* at 9, 11.)

Defendants also filed a motion to stay pending the Supreme Court's decision in *Barr v. American Ass'n of Political Consultants, Inc.*, 140 S.Ct. 812 (2020) ("*AAPC*") (D.I. 59). In *AAPC*, the Supreme Court was set to decide whether the TCPA's automated call ban was rendered

unconstitutional by the addition of the government-debt collection exception. The Court granted the motion to stay and denied Franklin's motion to alter or amend without prejudice. (D.I. 64.)

      **C.**    **Franklin's Second Motion to Alter or Amend and Defendants' Motion to Stay Pending the Decision in *Duguid*.**

On July 6, 2020, the Supreme Court decided *AAPC*, holding that the addition of the government-debt exception rendered the TCPA's automated call ban a content-based preference for speech in violation of the First Amendment. *AAPC*, 140 S. Ct. at 2347. The Court found that the proper remedy was to sever the government-debt exception from the statute. *Id.* at 2349. On the same day the Supreme Court decided *AAPC*, Franklin filed a motion to lift the stay. (D.I. 66.) The Court granted the motion and lifted the stay on October 27, 2020. (D.I. 69.) Franklin then filed a second motion to alter or amend the Court's summary judgment order, arguing (among other things) that the Court should apply *AAPC* retroactively and amend its order to the extent it found calls by Defendants after November 2, 2015 exempted from the TCPA. (D.I.s 71-72.)

On November 19, 2020, Defendants filed a motion seeking a stay pending the Supreme Court's decision in *Facebook, Inc. v. Noah Duguid*, No. 19-511 regarding the correct interpretation of an ATDS. (D.I. 73.) Defendants also filed a brief in support of their second motion to stay, or in the alternative, in opposition to Franklin's second motion to alter or amend. (D.I. 74). Of relevance here, Defendants again argued that they were entitled to summary judgment because they did not use an ATDS to place any calls to Franklin's 3733 Number. (*Id.* at 6.) Defendants also argued that "if the Supreme Court holds that random or sequential number generation is a required component of an ATDS, then Defendants did not violate the TCPA." (*Id.* at 6-7.)

      **D.**    **The Court's Decision Regarding the Applicability of *AAPC* and Defendant's Motion to Alter or Amend.**

On January 4, 2021, the Court confirmed the appointment of amicus counsel to file a brief in support of Franklin's argument regarding whether the Supreme Court's decision in *AAPC*

should apply retroactively. (D.I. 79.) The Court held argument on March 5, 2021, on Franklin's second motion to alter or amend and Defendants' cross-motion to stay pending *Duguid*. In its Order and Opinion dated April 19, 2021, the Court granted Franklin's motion, amended the Court's prior summary judgment order, and allowed Franklin's TCPA claims to proceed with respect to calls made after November 2, 2015. (D.I. 96). The Order and Opinion, however, did not address Defendants' alternative summary judgment argument – that they did not place calls to Franklin's 3733 Number using an ATDS. To bring the issue to the Court's attention, Defendants filed their Motion to Alter or Amend. (D.I. 97). Defendants argued that Franklin waived any claim based on ATDS calls during argument on March 5, 2021. But Defendants also argued that, even if Franklin did *not* waive his ATDS claim, the Court should consider the merits of Defendants' summary judgment argument that they did call Franklin using an ATDS.

On May 25, 2021, the Court entered an Opinion and Order denying Defendants' Motion to Alter or Amend the Court's Opinion and Order, without prejudice. (D.I.s 102 and 103.) The Court found that Franklin did not concede that he was limiting his claims to only calls with an automated or prerecorded voice. (D.I. 102 at 2.) The Court stated that "since Navient understandably thought that Franklin had limited his claims, it deserves another chance to move for reconsideration. It may file another motion to reconsider and argue why the autodialer theory fails." (*Id.*)

II.   **LEGAL ARGUMENT**

"Motions for reconsideration are the 'functional equivalent' of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e)." *Samuel v. Carroll*, 505 F.Supp.2d 256, 261 (D. Del. 2007). "[A] court may only alter or amend its judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice." *Id.*

### A. Defendants Presented Their ATDS Arguments on Summary Judgment and In Multiple Filings Thereafter, But They Have Eluded Judicial Review.

In its May 25, 2021 Opinion, the Court noted that "Navient has never before asked me to reconsider the summary-judgment order…." (D.I. 102 at 2.) The Court's statement is correct but for a *bona fide* reason – until their first motion to alter or amend, Defendants had no reason to file such a motion because they *prevailed* on summary judgment, albeit based on the applicability of the government-debt exception. This decision in Defendants' favor remained the law of the case until April 19, 2021, when the Court entered its Order finding that the government-debt exception does not apply and amending the summary judgment order. Upon entry of that Order, Defendants promptly sought reconsideration because the Court had not ruled on Defendants' other summary judgment argument addressing the lack of use of an ATDS.

The Court's May 25, 2021 Opinion also asked Defendants to address the following issues:

> [Navient] may file another motion to reconsider and argue why the autodialer theory fails. If it files one, it should also explain why I may consider its arguments in a motion to reconsider. In particular, if it relies on the Supreme Court's recent decision in *Facebook v. Duguid*, it must explain why it could not have invoked *Duguid*'s rule originally.

(D.I. 102 at 2.) The procedural history shows that there is good cause to reconsider the Court's April 19, 2021 Order. The Order vacated summary judgment in Defendants' favor but did not consider Defendants' additional summary judgment argument that even if the government-debt exception to the TCPA did not apply, Franklin's ATDS claim fails on its merits. Because the Court has determined that Franklin did not abandon his TCPA claim for any alleged ATDS calls, Defendants submit that the Court should consider Defendants' ATDS arguments on their merits.

Further, in response to the Court's request that Defendants explain "why it could not have invoked *Duguid*'s rule originally," Defendants respond that they did so, both before and after *Duguid* was decided. Defendants have consistently argued that neither of the dialing systems at issue is an ATDS, including because they cannot generate random or sequential telephone

numbers. Defendants cited *Dominguez* in both their opening and reply briefs on summary judgment, noting that in the Third Circuit a system is not an ATDS unless it can generate random or sequential telephone numbers and then dial them. (D.I. 32-1 at 13, D.I. 38 at 6.) Defendants also made these points in opposition to both of Franklin's motions to alter or amend. Defendants moved for a stay pending the Supreme Court's decision in *Duguid*, and following the decision, Defendants filed briefs explaining why the Court's decision requires a finding in their favor.

Defendants thus contend that they have diligently pressed their ATDS arguments, but due to the involved procedural history of the case, the Court has never considered the arguments on their merits. Defendants contend that the Court should do so now.

### B. Defendants Are Entitled to Summary Judgment on Franklin's ATDS Claim.

The Court should amend its Opinion and Order to grant Defendants summary judgment on any calls allegedly made using an ATDS. As to his ATDS claim, Franklin must present evidence to create a genuine issue of material fact to show he received calls using an ATDS. *See Gaza v. LTD Fin. Servs., L.P.*, 2015 WL 5009741, at *4 (M.D. Fla. Aug. 24, 2015) (holding the plaintiff's "TCPA claims fail as a matter of law because he failed to establish a genuine issue for trial with respect to whether the calls were placed using an ATDS"). Here, Franklin cannot show that any of the alleged calls to his 3733 Number were made using an ATDS. When asked during his deposition to describe what he believed an ATDS to be, Franklin responded, "It's a system that dials numbers using an automated system and dials it frequently." (D.I. 32-15.) When asked if he knew how an ATDS worked, Franklin responded only he received calls to his phone "a specific time every day for a month and a half around the same time." (*Id.*) Franklin does not know what kind of equipment Defendants use, but only believes they used an "autodialer" because they registered the devices in Texas and called from the same number. (*Id.*)

*Duguid* confirms that the Third Circuit properly analyzed the definition of an ATDS in

*Dominguez,* and an ATDS must have the "capacity either to store a telephone number using a random or sequential number generator or to produce a telephone number using a random or sequential number generator." 141 S.Ct. 1163, 1167 (2021). Yet, Franklin has no such evidence. Indeed, the undisputed facts show that Defendants did not randomly or sequentially generate his 3733 Number – Franklin instead provided that number to Defendants in loan deferment forms. (D.I. 32-1 at 2-3.) Because Franklin has no evidence that his 3733 Number was randomly or sequentially generated (let alone that Defendants' ININ and LiveVox HCI systems have that capability), and instead he provided the number to Defendants, he cannot prevail as a matter of law for any alleged ATDS calls.

Moreover, the F.C.C. has consistently found that *automatic* dialing is a key component of an ATDS, i.e. the "the capacity to dial numbers *without human intervention*." *In re Rules and Regulations Implementing the TCPA* ("FCC 2003 Order"), 18 FCC Rcd. 14014, 14091 ¶ 131 (2003) (emphasis added). The F.C.C. recently reiterated this point in a Declaratory Ruling, finding that *manually* dialed calls placed with human intervention are not prohibited by the TCPA. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, P2P Alliance Petition for Clarification*, CG Docket No. 02-278 (2020). The D.C. Circuit also recognized that manual forms of dialing are not prohibited by the TCPA. *See ACA Int'l v. FCC*, 885 F.3d 687, 688 (D.C. Cir. Mar. 16, 2018) (finding that "'auto' in autodialer – or, equivalently, 'automatic' in 'automatic telephone dialing system,' – would seem to envision non-manual dialing of telephone numbers"). *ACA International* is consistent with other courts that have ruled that calls initiated by human intervention are not made using an ATDS. *See, e.g., Fleming v. Associated Credit Servs., Inc.*, 342 F. Supp. 3d 563, 577 (D.N.J. 2018) (finding that a dialing mode was not subject to the TCPA where agents had to click telephone numbers on a screen to make calls).

Here, the undisputed facts show that the ININ system in Preview Mode and LiveVox HCI

are forms of manual dialing. In Preview Mode, the representative is presented with a customer's account at his or her workstation. (D.I. 32-12 at ¶ 16.) The representative then reviews the customer's account and determines whether to initiate a call to the customer. (*Id.* at ¶¶ 16-17.) The representative then manually initiates a telephone call by clicking the telephone button on his or her screen. (*Id.* at ¶ 17.) In Preview mode, the system is incapable of initiating a call on its own—it is initiated only when a call-center agent takes an affirmative step to do so. (*Id.* at ¶ 18.)

Likewise, every call made using the LiveVox HCI system is launched by an agent manually. (*Id.* at ¶ 10.) Like Preview Mode, a call made using the LiveVox HCI system cannot be made automatically. (*Id.* at ¶ 13.) For this reason, numerous courts have concluded that the LiveVox HCI system is not an ATDS. *See Pozo v. Stellar Collection Agency, Inc.,* 2016 WL 7851415, at *4 (M.D. Fla. Sept. 2, 2016) (LiveVox HCI system is not an ATDS where each call required the intervention of a human "clicker agent" and if the agent did not click the number, no number would be dialed); *see also Schlusselberg v. Receivables Performance Mgmt, LLC,* 2017 WL 2812884, at *4 (D. N.J. Jun. 29, 2017) ("because Defendant's HCI system is not an autodialer for the purposes of the TCPA, summary judgment is granted ").

The dialing systems Defendants used to place calls to Franklin's 3733 Number thus not only lacked the capacity to generate random or sequential telephone numbers, but those calls were placed manually. Defendants are therefore entitled to summary judgment for all calls placed using either the ININ system in Preview Mode or the LiveVox HCI system.

    **C.**    **Franklin's Remaining Claim Is Limited to 16 Calls Allegedly Placed With an Artificial or Prerecorded Voice.**

In opposing summary judgment, Franklin attached his own call log identifying what he claims are the calls at issue. (D.I. 39-4.) His log lists 16 calls which he claims included an "automated voice," "please stay on the line," or an "automated message." Franklin has no evidence supporting a different total, nor at this late date can he introduce any evidence he did not previously

submit in response to Defendants' motion for summary judgment. Franklin's summary judgment opposition thus created an issue of fact over, at most, 16 calls which he claims were made using an artificial or prerecorded voice. Franklin is now bound by that number as his maximum potential recovery for the telephone calls at issue, and the Court should limit Franklin to a potential recovery for only these 16 alleged calls.

### III. CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court amend its Opinion and Order (D.I.s 95 and 96) to grant Defendants summary judgment for any calls allegedly made using an ATDS.

        STRADLEY RONON
        STEVENS & YOUNG, LLP

        */s/ Joelle E. Polesky*
        Joelle E. Polesky (ID No. 3694)
        1000 North West Street, Suite 1279
        Wilmington, Delaware 19801
        Telephone: (302) 295-4856
        Facsimile: (302) 295-4801
        Email: jpolesky@gmail.com

        *Attorneys for Defendants*

OF COUNSEL:
Eric M. Hurwitz (admitted *pro hac vice*)
Christopher A. Reese (admitted p*ro hac vice*)
STRADLEY RONON STEVENS & YOUNG, LLP
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002
Email: ehurwitz@stradley.com
Email: creese@stradley.com

Dated: June 8, 2021