IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICKY R. FRANKLIN,

    *Plaintiff,*

v.

NAVIENT, INC.; STUDENT ASSIS-
TANCE, INC.,

    *Defendants.*

No. 1:17-cv-1640-SB

---

Ricky R. Franklin, Stockbridge, Georgia.

*Plaintiff.*

Joelle Eileen Polesky, STRADLEY RONON STEVENS & YOUNG, LLP, Wilmington, Delaware.

*Counsel for Defendants.*

---

**MEMORANDUM OPINION**

July 12, 2021

BIBAS, *Circuit Judge*, sitting by designation.

In 2015 and 2017, Navient repeatedly called Ricky Franklin to collect student debt. In response, Franklin sued the company under the Telephone Consumer Protection Act. The Act bans calling a cellphone with an autodialer or while using an artificial or prerecorded voice. 47 U.S.C. §227(b)(1).

After discovery, Navient moved for summary judgment. It argued that there was no evidence it called Franklin using an autodialer. D.I. 33, at 12–13. It also argued that its 2017 calls were covered by a new exception to the Act for calls to collect government debt. D.I. 33, at 7–10; *see* §227(b)(1)(A)(iii). The Court (Andrews, J.) granted partial summary judgment for Navient. It agreed that Navient's 2017 calls were covered by the government-debt exception and so did not decide whether Navient had made those calls with an autodialer. D.I. 40, at 10. But it found a factual dispute over how the 2015 calls were made. So the Court let Franklin's claims over those calls go to trial. D.I. 40, at 15–16.

The next year, the Supreme Court held the government-debt exception unconstitutional. *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2348 (2020). So in April, I amended the summary judgment, ruled that Navient could not rely on the exception, and revived Franklin's claims over the 2017 calls. D.I. 95.

But while one of Navient's arguments about the 2017 calls has now failed, the Court has not yet considered its *other* argument: that it did not use an autodialer. Navient now asks me to rule on that issue. It admits that this ruling would not end

the case, since some calls used an artificial or prerecorded voice. D.I. 106, at 2 n.1. But it asks me to narrow the case to those calls only.

I agree with Navient. I may grant summary judgment if "there is no genuine dispute as to any material fact and [if Navient] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no factual dispute over whether Navient used an autodialer in 2017. Under the Telephone Consumer Protection Act, an autodialer is "equipment which has the capacity[] to store or produce telephone numbers to be called, using a random or sequential number generator." §227(a)(1). But Franklin has offered no evidence that Navient called him with an autodialer.

Franklin's only response is that when he picked up Navient's calls, they sometimes dropped immediately. He cites an old version of an FCC website, which says that "[t]he use of autodialers, including predictive dialers, often results in abandoned calls." D.I. 107-3, at 3. But that website appears to be inadmissible hearsay. Fed. R. Evid. 801(c), 802. In any case, it does not create a genuine dispute: Though autodialers often cause abandoned calls, that does not mean that most abandoned calls are made by autodialers. Many other devices might also cause abandoned calls. *Norman v. AllianceOne Receivables Mgmt., Inc.*, 637 F. App'x 214, 216 (7th Cir. 2015) (rejecting the same argument on these two grounds).

Because Franklin is pro se, I have also reviewed all the evidence he submitted with his summary-judgment brief. But none of it suggests that Navient used an autodialer in 2017. And other courts have held that the devices Navient used here are not autodialers. *Compare* D.I. 34 ¶¶ 6, 8, 9, 14, 15, *with Panzarella v. Navient Sols.,*

*LLC*, 2020 WL 3250508, at *4 (E.D. Pa. 2020); *Ammons v. Diversified Adjustment Serv., Inc.*, 2019 WL 5064840, at *5 (C.D. Cal. 2019). There is thus no genuine dispute over whether Navient used an autodialer. So I will grant summary judgment on all the 2017 calls that did not use a prerecorded or automated voice. And I will amend the April judgment to reflect that.

I will also grant summary judgment on some of the 2015 calls. Franklin has no evidence that Navient made *those* with an autodialer either. True, the Court rejected this argument in its summary-judgment order. But because this case is not yet over, I may "revise[]" that order "at any time." Fed. R. Civ. P. 54(b). Here, there is good cause to revise it. Now that I have ruled on the 2017 calls, I should make sure I treat the other calls consistently. To avoid conflicting rulings on the two sets of calls, I rule that the 2015 calls were also not made with an autodialer. So I will amend the Court's summary-judgment order.

Thus, the only calls still at issue are those that might have used a prerecorded or automated voice. Franklin claims there were sixteen. D.I. 37-7, ¶¶ 17–18, 20–22, 35–40, 56, 78, 80, 83. Navient claims there were only five. D.I. 106, at 2 n.1. The real number is an issue for trial. If Franklin wins on the other remaining issues (for example, whether he consented to the calls), then he may recover damages. But as I ruled in April, he may recover only his monetary losses or total provable losses up to $500 per call—not statutory damages. D.I. 95, at 13.

\* \* \* \* \*

Because there is no genuine dispute over whether Navient used an autodialer, I will grant its motion to reconsider and amend the Court's prior orders.